IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DELMAR WILSON                                                       PETITIONER

v.                                                               No. 1:18CV81-SA-DAS

STATE OF WISCONSIN                                        RESPONDENT

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Delmar Wilson for a writ of *habeas corpus* under 28 U.S.C. § 2241. The court has considered the petition and holds that it should be dismissed as moot.

*Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the

writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state or federal custody pursuant to something other than a judgment (such as pretrial detention, pretrial bond order, etc.); § 2241 permits a federal court to order the discharge of any person held in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Delmar Wilson was arrested in Mississippi on March 31, 2018, pursuant to a Governor's Warrant from the State of Wisconsin. He was placed in the Lee County Detention Center in Tupelo, Mississippi, awaiting extradition to Wisconsin. He filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 on May 9, 2018, alleging that he has been improperly held in pretrial detention in violation of various requirements under the Uniform Extradition and Rendition Act. According to his Notice [6] of Change of Pro Se Address, filed June 5, 2018, he has since been transferred to the Kenosha County Detention Center in Kenosha, Wisconsin. Mr. Wilson seeks as relief a hearing before this court and release from detention.

## Discussion

As Mr. Wilson has been transferred to the custody of Wisconsin officials, this court is without jurisdiction to order his release; thus the court need not hold a hearing on the matter. As such, the instant petition must be dismissed as moot. If Mr. Wilson believes that his detention in Wisconsin is in violation of the law, then he may seek relief in State or Federal court in that state.

Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be dismissed as moot. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 20th day of August, 2018.

    /s/ Sharion Aycock
U. S. DISTRICT JUDGE